UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| FOR THE USE AND BENEFIT OF | : | Civil Action No. 3:21-cv-45 |
| TRI-STATE ELECTRIC LTD. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRAVELERS CASUALTY AND | : | |
| SURETY COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT AND JURY DEMAND

The United States of America for the use and benefit of Tri-State Electric Ltd. files this complaint against Travelers Casualty and Surety Company of America ("Travelers") and alleges as follows:

### NATURE OF THE ACTION

1. This action against Travelers, as surety, is brought pursuant to 40 U.S.C. § 3131-3134 (the "Miller Act") for payment on a bond that Travelers provided to a prime contractor and non-party West Point Contractors, Inc. ("West Point") in connection with labor and material furnished by Tri State Electric, Ltd. ("Tri-State"), as subcontractor, for West Point in El Paso, Texas.

### PARTIES

2. Plaintiff is filing this claim on behalf of Tri-State, a corporation organized under the laws of Texas with its principal place of business in El Paso, Texas.

3. Defendant Travelers is a corporation organized and existing under Connecticut law

1197705.2

and authorized to do business in Texas. It may be served by serving its appointed agent for service of process, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the claims set forth in this Complaint pursuant to the Miller Act, specifically, 40 U.S.C. §3133 (b)(1).

5. Venue is proper in this district and division pursuant to 40 U.S.C. §3133 (b)(3)(B), because the contract between West Point and the United States of America, acting by and through the United States Army Corps of Engineers, was to be performed and executed in the Western District of the State of Texas. The project for which the bond was issued is located in this district and division.

## STATEMENT OF FACTS

6. The United States of America, acting by and through the United States Army Corps of Engineers ("Corps of Engineers"), and West Point entered into a written contract, here referred to as the principal contract, identified as Contract Number W9126G-18-D0025; W912G-18-F2500, the construction project being commonly referred to as the El Paso Fence Replacement Project (the "Project").

7. On or about June 11, 2018, and pursuant to the Miller Act, Travelers, as surety, issued in connection with the Project a payment bond, by the terms of which West Point, as principal, and Travelers, as surety, bound themselves jointly and severally in the sum of Nineteen million, seventy-six thousand, nine hundred fifty-six and fifty-eight cents ($19,076,956.58) (the "Bond"). A copy of the Bond is attached as **Exhibit A**.

8. Subsequently, Tri-State, at the request of West Point and pursuant to a written subcontract, furnished work and materials for the Project. Tri-State was a subcontractor of West Point and the labor and materials furnished by Tri-State was required to be performed by West Point under its contract with the United States by and through the Corps of Engineers.

9. Tri-State is entitled to be paid for the work and materials provided to the Project, however, Tri-State has not been paid in full. West Point and Travelers have refused to pay Tri-State the sum of $168,249.34. Additionally, Tri-State was not paid promptly in that West Point did not always pay Tri-State in direct relation to the payment made to West Point by the United States by and through the Corps of Engineers, as required. As a result, Tri-State has been damaged in the amount owed and is entitled to the amount of the market rate of interest on the monies wrongfully withheld for the length of time the monies were and have been wrongfully withheld, the exact amount of such damages to be proved on the trial of this cause.

10. More than ninety days have passed since notice was given to West Point and Travelers of Tri-State's claim. Although demand has been made on West Point and Travelers the sum of $168,249.34 still remains due and owing, in addition to interest on such sum and other payments previously made, albeit untimely. This action is filed within one year from the date on which the last work was performed on the Project by Tri-State. Tri-State has complied with all requirements of the Miller Act for perfecting a right of action under the Bond. All conditions precedent to the making of this claim have been performed or have occurred.

### MILLER ACT CLAIM

11. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

12. Pursuant to the Bond, Travelers is required to pay Tri-State for the labor and material furnished to the Project and for which West Point and Travelers have failed to make payment. Travelers has failed to fulfill its obligations under the Bond to pay Tri-State for the labor and material it provided. Tri-State is entitled to payment from Travelers under the Bond and pursuant to the Miller Act.

## JURY DEMAND

13. Plaintiff respectfully asserts its right to a jury trial and demands trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests a judgment against Travelers as follows:

1. Damages in an amount to be determined at trial, but in no event, less than $168,249.34;

2. Expenses and costs of this action suffered by Plaintiff;

3. Reasonable and necessary attorney's fees;

4. Pre and post judgment interest at the maximum legal rates; and

5. Any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**SCOTT HULSE P.C.**
One San Jacinto Plaza
201 E. Main Drive, Suite 1100
El Paso, Texas  79901
(915) 533-2493
(915) 546-8333 Telecopier

By: /s/ *Melissa A. Baeza*
**MELISSA A. BAEZA**
State Bar No. 24063569
mbae@scotthulse.com
Attorney for Plaintiff The United States of America for the use and benefit of Tri-State Electric Ltd.